IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2220-FL

| | |
|---|---|
| LUKE AMMON PREACHER, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| LORETTA LYNCH, THOMAS SMITH and SHOSHONE-BANNOCK TRIBE, | ) |
| Respondents. | ) |

Petitioner, a federal civil detainee proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] This matter is before the court for a preliminary review under 28 U.S.C. § 2243.[2]

**BACKGROUND**

On August 20, 2014, the government certified petitioner as a sexually dangerous person pursuant to the Adam Walsh Act (the "Act"), 18 U.S.C. § 4248. See United States v. Preacher, 5:14-HC-2179-FL (DE 1) (E.D.N.C. Aug. 20, 2014). At the time, petitioner was serving a term of 168 months in the Bureau of Prisons ("BOP") following his conviction in 2000 for "attempted aggravated sexual abuse of a child in Indian country in violation of 18 U.S.C. §§ 2241(c) and 1153" in the United States District Court for the District of Idaho. Preacher v. Obama, No. 1:11-CV-00596-BLW, 2012 WL 5199662, at *1 (D. Idaho Oct. 22, 2012). When the district

---

[1] Petitioner names Loretta Lynch and Shoshone-Bannock Tribe [sic] as respondents. The proper respondent to a habeas petition is the petitioner's custodian. 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004).

[2] Section 2243 provides a court need not seek a response from the respondent when "it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243; see McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

court sentenced petitioner on December 18, 2000, he allegedly had two months remaining on a nine-month prison term imposed by the Shoshone-Bannock Tribal Court.[3] Pet. ¶ 6 (DE 1 at 2). According to petitioner, while incarcerated for his federal offenses, Shoshone-Bannock Tribal Jail lodged a detainer against him. Id. ¶ 5.

On April 3, 2015, following an evidentiary hearing, this court found petitioner qualified as a sexually dangerous person as defined by the Act and civilly committed him to the custody of the United States Attorney General. See Order, United States v. Preacher, 5:14-HC-2179-FL (DE 110) (E.D.N.C. Apr. 3, 2015). On April 9, 2015, petitioner appealed his civil commitment, claiming the government untimely initiated the civil commitment proceedings. See Order, United States v. Preacher, 5:14-HC-2179-FL (DE 117) (4th Cir. Oct. 7, 2015). On October 7, 2015, the Fourth Circuit affirmed the court's civil commitment order. Id. Petitioner did not file a petition for certiorari with the Supreme Court.

On September 2, 2016, petitioner filed the instant petition. In support of his petition, petitioner alleges his commitment violates the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. § App. 2 § 1 (grounds one, three and four) and his Fifth Amendment right to procedural due process (grounds one and two).

## COURT'S DISCUSSION

A petition brought pursuant to 28 U.S.C. § 2241 is used to attack the manner in which the sentence is executed. Specifically, a section 2241 petition is appropriate when a petitioner is challenging the fact or duration of confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). In order to obtain relief, the petitioner must show that he is "in custody in violation of the

---

[3] On April 25, 2000, petitioner was arrested by tribal police with the Shoshone-Bannock Tribes. Pet. ¶ 6 (DE 1 at 2). On May 27, 2000, the Shoshone-Bannock Tribal Court sentenced petitioner to nine months' imprisonment for attempted rape and possession of marijuana. Id.

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); accord Rose v. Hodges, 423 U.S. 19, 21 (1975); United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004).

Petitioner first argues that the BOP "retroactively used civil commitment" to prevent his return to the tribal jail and completion of his tribal court sentence in violation the IADA. See Pet. at 7-8. Petitioner's reliance on the IADA is misplaced. The purpose of the IADA is to, inter alia, "encourage the expeditious and orderly . . . determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." 18 U.S.C.A. § App. 2 § 2 Art. 1 (emphasis added). Consistent with this purpose, the IADA provides that when a prisoner is serving a term of imprisonment in a party State, and there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner

> shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint

18 U.S.C.A. § App. 2 § 2 Art. III(a). Here, there is no pending "untried indictment, information or complaint." Indeed, as petitioner advises, the tribal court sentenced him in May 2000. Pet. at 7. Accordingly, petitioner is not entitled to habeas relief on the basis of any alleged violation of the IADA.

Next, petitioner claims the BOP "used a retrospective law retroactively for [an] illegal purpose . . . thereby violating . . . [his] due process procedural rights." Id. While extreme changes in the conditions of confinement, such as an involuntary civil commitment, invoke the protections of the Due Process Clause of the Fifth Amendment, see Vitek v. Jones, 445 U.S. 480, 493–94 (1980) (providing due process requirements in the context of any involuntary civil commitment), petitioner

fails to plausibly allege a due process claim. Procedural due process generally requires notice and a hearing in advance of a deprivation of liberty. Zinermon v. Burch, 494 U.S. 113, 127 (1990). Petitioner does not allege that the BOP denied him notice of the proceedings or failed to apprise him of the purpose thereof, nor does he allege a denial of his right to counsel or to confront and cross-examine witnesses at the proceedings. See Jones, 445 U.S. 480, 496–97. Petitioner also does not allege that the proceedings failed to conform with the statutory scheme of the Adam Walsh Act or that he was subject to measures beyond those authorized by the Act. See 18 U.S.C. § 4247(d) (providing the civil commitment prisoner with representation by counsel, and an opportunity to testify, present evidence, subpoena witnesses, and confront and cross-examine witnesses who appear at the hearing). Accordingly, petitioner's due process claim is meritless

Affording the petition liberal construction, the court assumes in using the term "retroactive," petitioner attempts to bring a claim under the Ex Post Facto Clause of the United States Constitution, U.S. Const. Art.1, § 9, cl.3. Section 4248 commitment actions are civil proceedings. United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012). "Because § 4248 is a civil commitment statute, its application does not raise ex post facto concerns." King v. Ratledge, No. 5:14-HC-2038-FL, 2014 WL 11497897, at *3 (E.D.N.C. Dec. 3, 2014) (collecting cases); see Seling v. Young, 531 U.S. 250, 267 (2001) (stating a statute "found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses . . . ."). Accordingly, to the extent petitioner brings an ex post facto claim, it lacks merit.

Finally, to the extent petitioner claims that his civil commitment is precluded by the existence of the tribal jail detainer, the court disagrees. Petitioner cites no authority in support of this proposition and the court is aware of none. Cf. Foster v. Smith, No. 5:16-HC-2202-BR (DE 6) (E.D.N.C. July 10, 2017) (holding section 4248 does not preclude civil commitment due to the

existence of a state detainer); <u>Ofarrit-Figueroa v. Ratledge</u>, No. 5:15-HC-2299-D, 2017 WL 1293461, at *1 (E.D.N.C. Apr. 6, 2017) (holding the same as to an immigration detainer).

## CONCLUSION

Based on the foregoing, the court DISMISSES his petition for writ of habeas corpus without prejudice for failure to state a claim. The court DENIES a certificate of appealability.[4] The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of October, 2017.

LOUISE W. FLANAGAN
United States District Judge

---

[4] After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of petitioner's claims debatable or wrong, and the claims do not deserve encouragement to proceed further. See 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Miller-el v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).